James C. Armstrong, Sarah Armstrong, Ellen Frisby *et al.*, plaintiffs in error, *vs.* Jonathan K. Cooper, administrator of Aaron Brooks, junior, deceased, defendant in error.

### *Error to Peoria.*

A suit in equity, by a single creditor, to enforce the collection of a demand against an estate, while the administration of the estate is progressing and undetermined, and under which a decree was made for the sale of real estate of which the intestate died seized, and on which the creditor had not a lien, is unjustifiable.

The demands against an estate are to be ascertained, and the proceeds of the property distributed *pro rata* among all the creditors entitled to participation therein, in proportion to their respective demands.

One creditor cannot, by commencing a suit in equity—if equity will take jurisdiction, to recover a particular demand, where there are no impediments in the way of a recovery at law—obtain an advantage over other creditors.

If equity will take jurisdiction, the proper decree, after ascertaining the indebtedness, would be, to direct that the debt should be paid in the due course of administration.

The substance and object of the bill filed in this case, are sufficiently stated in the opinion of the Court. The decree was taken *pro confesso*, at the May term, 1848, of the Peoria Circuit

Court. The respondents in the bill have sued out this writ of error, and assign that the decree was improperly entered; because the bill is wanting in equity; because the bill shows there was personal property, which should have been exhausted before the lands of the heirs of Bigelow, deceased, were subjected to the payment of the alleged debt; because the bill did not show that the personal property of the deceased was insufficient to pay said debt; because the bill does not show that the complainant's claim was ever filed before the probate justice, or presented to the administrator within the time prescribed by law, or that new assets have been discovered; and because the Court erred in decreeing against the real estate of the heirs at law of the deceased, without having an account taken of the personal property of the deceased.

N. H. PURPLE, for plaintiffs in error.

C. BALLANCE, for defendant in error.

Opinion by TREAT, C. J.:

This was a bill in chancery, filed against the surviving administrator and heirs at law of Lewis Bigelow, and the surety on the administration bond. It alleged that Bigelow borrowed a sum of money of Brooks, and, as security for its re-payment, executed a mortgage on real estate; which mortgage was afterwards placed in the hands of Bigelow, for the purpose of being recorded, but was suppressed by him. It prayed that the mortgage might be set up and foreclosed, and also for general relief. Subsequently, the complainant dismissed the suit as to the surety, and so amended the bill as to strike out every thing relating to the mortgage. The bill was then taken for confessed, and a decree entered, directing the sale of certain real estate, for the satisfaction of the complainant's debt.

That decree cannot for a moment be sustained. After the amendment of the bill, the case stood as an ordinary suit in equity by a single creditor, to enforce the collection of a demand against an estate; and in which, while the administration of the estate was progressing and undetermined, a decree was made for the sale of real estate of which the intestate died seized—and on which the creditor had no lien—for the payment of the

71

particular debt. The law will not allow this to be done. The property of an estate is not to be reached and disposed of in this way. All of the creditors are entitled to participate in it, in the proportion of their respective demands. Their demands against the estate are to be ascertained, and the proceeds of the property distributed *pro rata* among them. One creditor cannot, by commencing a suit in equity—if equity will take jurisdiction of a suit to recover a particular demand, where there are no impediments in the way of a recovery at law—obtain any advantage over other creditors in the payment of his debt. If equity will entertain jurisdiction in such a case—and upon this point it is not necessary now to express any opinion—the proper decree, after ascertaining the amount of the indebtedness to the complainant, would be to direct it to be paid in the due course of administration. Otherwise, the provisions of the statute, requiring the distribution of the proceeds of estates among all of the creditors, might be rendered nugatory.

The decree of the Circuit Court will be reversed, and the bill dismissed, with costs, but without prejudice.

*Decree reversed.*