COVILLAUD (UNITED STATES v.). See Case No. 14,879.

## Case No. 3,291.

### COVINGTON v. BURNES.

[1 Dill. 16.] [1]

Circuit Court, D. Missouri. 1870.

ASSUMPSIT—PLEA OF PLENE ADMINISTRAVIT.

Where the statute classifies the debts against an estate, directs the order of payment, and only makes an administrator liable to the extent of assets received, the common law plea of plene administravit is no defense, and is not proper in an action against the executor merely seeking to establish the existence of the plaintiff's debt against the estate.

Action by the indorsee against the administrator of the indorser of two promissory notes. The plaintiff demurs to the second and third pleas, each being a plea of plene administravit.

Noble & Hunter and Glover & Shepley, for plaintiff.

Thos. T. Gantt, for defendant.

Before DILLON, Circuit Judge, and TREAT and KREKEL, District Judges.

DILLON, Circuit Judge. This is an ordinary action against an administrator upon the contract of indorsement made by his intestate. The plaintiff seeks simply judicially to establish his claim against the estate. The statute of Missouri, in terms, declares that "Any person having a demand against an estate may establish the same by the judgment or decree of some court of record." Gen. St. 1865, p. 502, § 8. The right of the plaintiff to bring this action is clear and undisputed. Payne v. Hook, 7 Wall. [74 U. S.]

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

425. Each of the pleas demurred to is, in form and substance, a common law plea of plene administravit, viz.: that the defendant has now no assets of the decedent, but had, before the commencement of this action, fully administered the same. The demurrer raises the question, whether under the laws of the state of Missouri, the plea of plene administravit is a defense, or presents an issue which it is proper to try in an action of this character, to-wit: an action merely to establish the validity and amount of the debt against the estate.

The modes of the administration of the estates of deceased persons in England and in most of the American states, are in many respects very different. In England, if an administrator suffered a judgment to go against him by default, or failed to plead that he had fully administered, such a judgment was held to be a conclusive admission by the administrator that he had assets sufficient to pay it, and in effect bound the administrator personally, and amounted to an appropriation of such assets to the payment of the judgment. Hence the reason and also the necessity for such a plea.

Not so, however, here. Whether the administrator does or does not defend, he is not bound personally, and there is no judgment de bonis propriis, and no execution against either the goods of the administrator or of the decedent. The judgment simply establishes the debt and orders it to be paid by the administrator in due course of administration. Armstrong v. Cooper, 11 Ill. 560; Laughlin v. McDonald, 1 Mo. 684. Under the laws of Missouri, the administrator is liable only to the extent of assets received. and for waste and mismanagement. The statute classifies the debts against an estate, and directs the mode and order of payment by the administrator. A judgment such as the plaintiff seeks is no evidence that the administrator has assets or that he has been guilty of any default; and any inquiry of that kind in an action such as the present is entirely collateral, and it does seem to us most manifestly improper. For the reasons above given, the courts in other states have held, under statutes like that of Missouri, that a plea of plene administravit is not a good plea. Allen v. Bishop's Ex'rs, 25 Wend. 414; Parker's Ex'rs v. Gainer's Adm'r, 17 Wend. 559; Butler v. Hempstead's Adm'rs, 18 Wend. 666; Judy v. Kelley, 11 Ill. 211. In deciding, in the case last cited, that a plea of plene administravit is no answer to an action brought against an administrator, upon a debt due by his intestate, Treat, C. J., remarks that such a plea "presents no defense. At common law the failure of an administrator to plead want of assets, or that he had fully administered, operated as an admission on his part that he had assets sufficient to satisfy the demand. and he was afterwards estopped from asserting that he had no assets, or that he had fully administered.

Hence the necessity of this class of pleas. The case is different under our statute. * * * A judgment against an administrator, only establishes the debt against the estate, to be paid in due course of administration. The creditor is not entitled to execution on his judgment, either against the administrator or the property of the intestate. Welch v. Wallace, 3 Gilman, 490. This change in the common law dispenses with the plea of plene administravit and renders it wholly unnecessary. It is in fact no defense to an action against an administrator." The same reasons obtain in this state. Whether the administrator has or has not assets, has or has not been guilty of waste or mismanagement, are questions which may be hereafter tried, if the plaintiff establishes his debt; but it is premature to try them now and improper to introduce such extraneous issues into this suit. Demurrer sustained.