# GARVIN, BELL & CO.

*v.*

# ROBERT STEWART'S HEIRS.

1.  CREDITOR'S BILL—*whether it will lie against the heirs of a deceased debtor.* While there are cases, where there are complicated equities, which might authorize a court of equity to entertain a creditor's bill against the heirs of a deceased debtor, to subject the real estate descended to them to the satisfaction of the debt, and to adjust the equities between the several creditors, yet, ordinarily, creditors of an estate will be remitted to the remedy provided by statute for the settlement and distribution of estates, through the agency of the administrator.

2.  In this case a creditor had obtained a judgment at law against a surviving partner, and thereupon filed his bill in chancery against the heirs of the deceased partner, to subject real estate which had descended to them, to the payment of the debt, alleging the insolvency of the surviving partner, and that there was no administrator of the estate. The bill did not disclose whether there were any other creditors. It was *held,* the facts were simple, and there was no reason existing for taking the case out of the ordinary course of administration provided by the statute, and a court of chancery ought not to entertain the bill.

3.  The fact that the claim may be of an equitable character, will not avail, of itself, to render it proper for a court of chancery to assume jurisdiction, because the probate court, in the matter of the settlement of estates, may take cognizance of equitable claims as well as those which are purely legal in their character.

4.  SAME—*of the requisites of the bill—character of creditor's lien on real estate of deceased debtor.* In a case where the equitable circumstances are such that a court of equity might properly entertain a creditor's bill against the heirs of a deceased debtor, the bill should show there are no personal assets to which resort could be had, because the creditor's lien upon the real estate is only secondary, and depends upon the non-existence of personal assets, and the rule which controls an administrator in that regard, applies as well to a creditor who seeks his remedy in chancery.

WRIT OF ERROR to the Circuit Court of Pope county; the Hon. JOHN OLNEY, Judge, presiding.

Mr. JAMES M. WARREN, for the plaintiffs in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears from the record in this case, that on the 15th day of June, 1863, plaintiffs in error filed a bill in chancery, against A. V. Hight and defendants in error. The bill alleges that on the 30th day of June, 1860, Hight and Robert Stewart, by the style of Hight & Stewart, were indebted to complainants in the sum of $662.47, for which they executed their note, due one day after date, and payable to complainants; that afterwards, on the 10th day of April, 1861, Stewart departed this life, and at the April term, 1863, of the Pope circuit court, complainants obtained a judgment against Hight, as surviving partner of the firm of Hight & Stewart, for the sum of $834.68, the amount of the note and interest; that Hight was insolvent and the judgment was unavailing; that Stewart, at the time of his death, was seized of certain lands described in the bill, and that he left appellees as his heirs at law surviving him; that no administration had been granted on his estate.

At the August term, 1863, a demurrer was filed to this bill, and complainants thereupon, upon leave of the court, amended by changing it to a creditor's bill, and that Hight had departed this life since filing the original bill, and that his estate was insolvent. At the March term, 1868, complainants again amended their bill, to obviate the answer which set up that the note was executed by Hight, after the firm had been dissolved by Stewart's death.

The amended bill charges, if Stewart was dead when the note was executed, complainants were not cognizant of the fact; that Hight was the active partner, and purchased all the goods for the firm; that the note was executed by Hight and accepted by them; that the consideration for which the note was given was goods, wares, and merchandise, sold and delivered to Hight and Stewart, between the first day of April and the 12th day of October, 1859; that the amount of goods sold to them between those dates was $3340.06, and the

amount paid thereon was $2449.99, leaving a balance due on the 6th of December, 1859, of $890.07, at which time there was paid $250, leaving the balance due of $662.47, for which the note was given. And claims, that if Stewart was dead when the note was given, the execution of the note by Hight did not release Stewart's estate from liability to pay the debt, as it remained due and unpaid.

At the May term, 1868, defendants in error filed a demurrer, which the court sustained, and dismissed the bill. And the record is brought to this court and we are asked to reverse that decree.

Defendants in error having failed to file a brief in the case, it was submitted by plaintiffs in error on their abstract and brief. The first question presented by this record is, whether, from the facts charged in the bill, it appears that plaintiffs in error have a lien on the real estate of which Stewart died seized. In the case of *Vansyckle* v. *Richardson*, 13 Ill. 171, it was held, that under our statute, the lands of an intestate are held subject to the payment of his debts. After the personal estate has been applied for that purpose, it is made the duty of the administrator to apply to the proper court and obtain a license to sell such portion of the real estate as will discharge the residue of the debts. It was, however, said, the lien was not perpetual, but might be lost by gross laches or unreasonable delay ; that the real estate descends to the heir with this charge resting upon it.

Again, in the case of *McCoy* v. *Morrow*, 18 Ill. 519, the doctrine was fully recognized and applied to that case. But owing to the delay in enforcing the lien it was held to be lost, and the creditor barred from its assertion. The same rule has been recognized in subsequent cases. So that it may be regarded as the settled law of this court. Being a lien that attaches to and attends the land until lost, whether in the hands of the heir or his grantee, it may be enforced by an application of the administrator to the proper court for license to sell it, and apply the proceeds to the payment of the debts

of decedent. This the statute has authorized to be done, and thus render the lien productive.

The question then arises whether the same end may be attained by a creditor's bill in equity. Equity has always exercised jurisdiction to enforce liens which attach to real property, in favor of creditors, and the bill filed for that purpose, which has long been in use, has come to be known in practice as a creditor's bill. It appears that in the case of *Vansyckle* v. *Richardson, supra,* a part of the creditors filed a bill against the heir, the trustee to whom he, as surviving partner, had conveyed the real estate for the use of another portion of the creditors, and a number of purchasers under execution against the surviving partner, who was also the heir, and to whom the real estate of his deceased partners had descended. The court entertained jurisdiction and decreed the relief sought. In that case the complication of rights which had intervened were sufficient to have authorized the court to take jurisdiction, for the purpose of settling the equities of all the parties, and thus prevent a multiplicity of suits at law, and it seems no question of the jurisdiction was raised, and the court heard the cause and enforced the lien.

In this case, however, there is no traversable allegation that there are no assets or personal property, out of which the debt could be made by administration. The creditor's lien is only a secondary one, depending upon whether there are personal assets. It is not until they are exhausted that the administrator is authorized to apply for leave to sell real estate for the payment of debts. This is the condition upon which he is authorized to act, and the creditor could not be placed in a better position than the administrator. If there are assets, the law has appropriated them to the payment of this and all other debts the testator may have owed, and they should be exhausted by administration before the lien on real estate could be made available.

Again, there is no positive and traversable allegation that there are no other creditors of Stewart's estate. If there are,

then plaintiffs in error have no superior claim or lien to theirs. And in case there are other creditors, to entertain this bill would be to transfer the settlement and administration of the estate to a court of equity, whilst the statute has designated another tribunal and prescribed a different mode for the settlement and distribution of estates, more expeditious and less expensive than in a court of chancery.

There are, however, cases, where there are complicated equities, which might authorize a court of equity to entertain jurisdiction, and having done so, it would retain the case and do complete equity to the parties. But in this case the facts are simple, and we can see no reason for taking the case out of the usual course of administration. If letters of administration should be granted, no reason is perceived why the claim of plaintiffs in error should not be allowed against Stewart's estate, if just and subsisting, or that would prevent the administrator from applying for an order for the sale of this land. Although equitable, the claim is cognizable in the probate court. *Moore* v. *Rogers*, 19 Ill. 348.

The allegations in this bill were not sufficient to give the court jurisdiction, and the decree of the court below must be affirmed.

*Decree affirmed.*

. Subsequently, upon a rehearing of the cause, the following additional opinion was filed:

Per CURIAM : A rehearing having been allowed in this case, we have carefully re-examined the case, and the opinion of the court as prepared by Mr. Justice WALKER. We are fully satisfied with the former decision of the case, and with the grounds upon which the opinion is based as well as the reasons urged in their support. The decree of the court below must, therefore, be affirmed.

*Decree affirmed.*