## M. I. GOODMAN

*v.*

## J. I. KOPPERL *et al.*

*Opinion filed November 8, 1897.*

EQUITY—*will not assume jurisdiction in administration of estates except in extraordinary cases.* A creditor cannot call upon a court of equity for relief in the matter of administering an insolvent estate, unless his claim has already been allowed against the estate by the court of probate and some special reason exists why that court can not afford complete relief.

*Goodman* v. *Kopperl*, 67 Ill. App. 42, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

This is a bill in equity for the administration of the estate of an insolvent deceased, substantially alleging that complainant had a claim against a deceased debtor, and that the debtor, prior to his decease, for the purpose of defrauding, delaying and hindering his creditors, made a cloud on his real estate by a pretended deed of assignment made by another in his name.  It further alleges that assets and money belonging to the deceased are in the hands of various parties who fraudulently claim to own the same; that a claim against an insolvent estate pending in the county court of Cook county is one of the principal assets of said deceased; that attachments have been levied and threatened, and that there is no administrator

appointed by the probate court nor any one caring for the estate of the deceased debtor. The bill prays for a receiver for the purpose of conserving all those assets, and complainant asks that the fraudulent conveyance be set aside for the purpose of enabling the receiver to reduce the property to possession and sell and apply the same upon the claims of complainant and other creditors. To this bill a demurrer was sustained by the trial court, and the bill was dismissed for want of equity. A writ of error was sued out from the Appellate Court for the First District, where the decree of the trial court was affirmed, and this appeal is prosecuted to reverse the Appellate Court's judgment.

MORAN, KRAUS & MAYER, for appellant.

ROSENTHAL, KURZ & HIRSCHL, and SIMEON E. BAUM, for appellees.

Mr. CHIEF JUSTICE PHILLIPS delivered the opinion of the court:

By this bill it is sought to place this estate in the hands of a receiver for the purpose of administering it, thus taking the entire jurisdiction from the probate court. The principle is clearly established that a court of equity will not assume jurisdiction of the administration of estates except in extraordinary cases. Where the statute has pointed out a different mode of administration, and has prescribed a method by which the management of the estates of decedents is to be had at law, equity will not interfere. There are no instances in which resort to a· court of equity has been recognized, under our later decisions, before the claim of the creditor has been allowed against the estate by the probate court. Then, if special reasons exist why that court cannot afford relief, the creditor may call on a court of equity to aid him to secure such relief, but not otherwise. *Armstrong* v. *Cooper*,

11 Ill. 560; *Wood* v. *Johnson,* 13 Ill. App. 548; *Garvin, Bell & Co.* v. *Stewart's Heirs,* 59 Ill. 229; *Heustis* v. *Johnson,* 84 id. 61; *Crain* v. *Kennedy,* 85 id. 340; *Scripps* v. *King,* 103 id. 469; *Freeland* v. *Dazey,* 25 id. 294; *Harris* v. *Douglas,* 64 id. 466; *Winslow* v. *Leland,* 128 id. 304; *Duval* v. *Duval,* 153 id. 49.

While in some of the earlier cases in this State it is held that equity retains a general jurisdiction over administrators, concurrent with that exercised by probate courts, yet the rule as now declared is, that courts of equity will not exercise jurisdiction over the administration of estates except in extraordinary cases; and by the liberal statutory rules for the settlement of estates, based on equitable principles and enforced in courts of probate, the reasons for equitable jurisdiction in such cases are greatly restricted. Probate courts are established for the settlement of such estates, and questions arising in the course of administration are decided by them to the practical exclusion of the jurisdiction of courts of equity. In this case the complainant had a right, as a creditor, to take out letters of administration upon the estate of this intestate and administer and distribute that estate under the orders of the probate court, in accordance with the statute; and if there is a fraudulent conveyance which should be set aside, complainant, as such creditor, might file his bill for the purpose of setting the same aside, and call upon a court of chancery to give relief where the case is one in which the probate court has no power to grant such relief. If this estate were administered by a court of chancery, as here proposed, the method of distribution would be different from that prescribed by the law.

We find no averments in the bill which would authorize a court of equity to entertain jurisdiction, and it was not error to dismiss the bill for want of equity, nor was it error in the Appellate Court to affirm that decree.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*