**Alexander Strauss, Surviving Partner of the Firm of Lederer & Strauss, et al., v. Thomas P. Phillips, Adm.**

1. COURTS OF EQUITY — *Jurisdiction in the Administration of Estates.*—It is only in extraordinary cases that a court of chancery will take upon itself the administration of the estate of a deceased person and supersede the court of probate.

2. PROBATE COURTS — *Of Other States— Jurisdiction*.— Where the Probate Court of another State allows a claim against the administrator of an estate of a person dying in such State, such court is the proper forum in which to obtain corrections in relation to the allowance of such claim.

3. SAME—*Allowance of Claims by Probate Courts of Other States Not Binding Here*.—The allowance of a claim by a Probate Court of another State against the administrator of an estate is not conclusive against an administrator appointed by a Probate Court of this State to administer upon property of the decedent situated in this State.

4. RES ADJUDICATA—*Judgments of Probate Courts of Other States are Not, as to Administrators Appointed to Administer upon Assets Here*.—Where letters of administration have been issued by the Probate Court of another State, and like letters have also been issued by a Probate Court of this State for the purpose of administering upon property in this State, the action of the probate of such other State, in the allowance of claims, is not binding upon the administrator appointed by the Probate Court of this State; but such claim, if presented for probate in this State, is open to contest the same as if it had never been probated in such other State.

Bill, to subject the real estate of a deceased person to the payment of debts. Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL. Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed October 10, 1900.

**Statement**—SYNOPSIS OF AMENDED BILL.—The amended bill alleges that complainants are creditors of John Fitzgerald, deceased, to the extent of about $70,000; that said Fitzgerald died at Lincoln, Nebraska, on the 30th day of December, 1894, intestate, and letters of administration were granted to Mary Fitzgerald, his widow, defendant herein, as administratrix, by the County Court of Lancaster County, Nebraska, in the fore part of the year 1895; that the claims of complainants were duly filed in the County Court of Lancaster County, Nebraska, against the Fitzgerald estate; that the claim of the complainants Lederer & Strauss had been allowed by that court against the estate and that the claim of the other complainant was pending; that the estate of John Fitzgerald in Nebraska is absolutely insolvent, and that John Fitzgerald at the time of his death was the owner of real estate in Cook county, Illinois, of a value of $50,000; that the

defendant, Mary Fitzgerald, as administratrix of the estate in Nebraska, did not inventory said Cook county lots in the schedule of the property owned by the deceased; that complainants had no notice that the estate owned such property until shortly before filing this bill; that it is provided by the statute laws of Nebraska that the administratrix of an estate shall inventory within three months after her appointment all property, real and personal, that has come to the possession or knowledge of the administratrix; that Mary Fitzgerald, as administratrix, did file such a schedule in the County Court of Lancaster County, Nebraska, but omitted said Cook county real estate for the purpose of injuring and defrauding the creditors of John Fitzgerald, including complainants, and for the purpose of converting the same to her own use; that in May, 1891, one Edward P. Cagney, who was then a resident of Lincoln, Nebraska, died, and John Fitzgerald, the deceased, and the husband of Mary Fitzgerald, was appointed his administrator by the County Court of Lancaster County, Nebraska; that the only property said Cagney had at the time of his death was $20,000 life insurance, which money came into the hands of John Fitzgerald; that John Fitzgerald as administrator of the Cagney estate, paid the debts of Cagney, amounting to about $1,000; that in October, 1891, Mary Fitzgerald filed in the County Court of Lancaster County, Nebraska, and asked for probate thereof, a document purporting to be the last will and testament of Cagney, in which she was named as the sole and only beneficiary of the entire estate of Cagney; that Cagney had lived for a number of years prior to his death at the home of Mary Fitzgerald and was the bookkeeper and the confidential clerk of John Fitzgerald; that he was constantly in the society of Mary Fitzgerald and that she had obtained and exercised undue influence over his mind; that the document purporting to be the will of Cagney was dated February 18, 1891, but that, as a matter of fact, it was executed only a few days before the death of Cagney; that it was executed at the home of Mary Fitzgerald, and upon its face was null

and void as it had no attestation clause; that the witnesses
to the will were the brother and sister of Mary Fitzgerald;
that they signed the will at the request of Mary Fitzgerald
and not at the request of Cagney; that for ten days or two
weeks prior to his death Cagney was not in his right mind;
that he was insane and died from the effects of excessive
drinking of spirituous liquors; that objections were filed to
the probate of the will by certain of the heirs at law and
next of kin of Cagney in the County Court of Lancaster
County, Nebraska; that these objections were never dis-
posed of, but that Mary Fitzgerald paid the next of kin,
who were poor people and ignorant of the law and had
been ill advised, $1,000; that on, to wit, May 31, 1893, the
said County Court admitted said document to probate as
the last will and testament of Cagney, and Mary Fitzger-
ald was appointed administratrix *de bonis non* with will
annexed of the estate of Cagney; that on September 29,
1895, Mary Fitzgerald, by petition in the matter of the
estate of John Fitzgerald, asked the County Court of Lan-
caster County, Nebraska, to appoint an administrator *ad
litem* to represent the estate of John Fitzgerald in the
matter of her claim as administrator *de bonis non*, with
will annexed, of the estate of Cagney; that on October 8,
1895, an order was entered in said court appointing one of
the court officers as administrator *ad litem* of John Fitzger-
ald and a hearing was had on the claim of Mary Fitzgerald
as administratrix *de bonis non* of the Cagney estate against
the estate of John Fitzgerald, said alleged claim being for
money due from John Fitzgerald as administrator of the
Cagney estate to his wife as administratrix *de bonis non*,
etc., for which he had failed to account to her in his life-
time; that without any contest and without notice to com-
plainants or any other creditors, on November 9, 1895, the
claim was allowed against the estate of Fitzgerald for over
$23,000; that neither the complainants nor any other
creditors had any notice of the hearing on said claim or any
opportunity to contest the same; that it was impossible for
Mary Fitzgerald, as administratrix *de bonis non*, with will

annexed, of the Cagney estate, to procure a preference over the other creditors in the State of Nebraska, and that complainants ought not to be bound by the order of the court allowing said claim in so far as it affects their rights; that Mary Fitzgerald, as soon as said claim was allowed, knowing that the estate in Nebraska was insolvent, began scheming to convert the Cook county property to the satisfaction of her said false and fraudulent claim, and began negotiations with one Thomas P. Phillips, of Naperville, Illinois, president of the First National Bank of Naperville, which said bank was a creditor of the estate of John Fitzgerald and had filed its claim against the estate in the County Court of Lancaster County, Nebraska; that thereupon it was agreed between Mary Fitzgerald and Phillips that said Phillips should apply for letters of administration upon the Fitzgerald estate in Cook county, and that as soon as letters were granted, Mary Fitzgerald was to file her false and fraudulent claim as administratrix *de bonis non* of the Cagney estate, and Phillips was to consent to the allowance of the same as a preferred claim, and that the Cook County property was to be sold to pay the debts of said estate, and that on the sale of the same Mary Fitzgerald was to bid in the property in satisfaction of her alleged preferred claim, and for the benefit of herself and said First National Bank of Naperville; that on February 17, 1896, upon the application of Phillips he was appointed administrator of the estate in Cook county, and subsequently an inventory was filed showing that the only assets consisted of the said real estate; that the claim of the First National Bank of Naperville was filed and allowed for over $5,000, on May 11, 1896, Phillips consenting to the allowance of the same, and in November, 1896, Mary Fitzgerald, as administratrix *de bonis non* with will annexed, of Edward P. Cagney, deceased, filed her claim with Phillips as administrator, for over $24,000, which claim, upon the presentation of a certified copy of the order from the Probate Court of Lincoln, was allowed for over $24,000 as a claim of class six; that the claim was

allowed as a claim of class six solely upon the representa-
tion of Mary Fitzgerald that it was a preferred claim in
the County Court of Lincoln, which was entirely false; that
the claim of Mary Fitzgerald as administratrix *de bonis non*
with will annexed of Edward P. Cagney, deceased, is fraud-
ulent in its entire inception, from the execution of the docu-
ment purporting to be the last will and testament to the
allowance of said claim in the Probate Court of Cook
County; that all orders entered have been procured by Mary
Fitzgerald for the purpose of defrauding the complainants
and other creditors; that complainants had no knowledge
of the entering of the claim of Mary Fitzgerald against the
estate here until within a short time prior to the filing
of their bill; that Cagney, prior to his death, was book-
keeper and cashier for John Fitzgerald, and was largely
indebted to John Fitzgerald in an amount greatly in
excess of $20,000, the amount of his said life insurance;
that the rights of Mary Fitzgerald as beneficiary under
said will, if said document was a will, are subject to the
debts of Cagney, and that there was, in fact, no indebt-
edness from John Fitzgerald to his wife, Mary Fitzger-
ald, of any kind or character; that John Fitzgerald, prior to
his death, advanced large sums of money to Mary Fitzger-
ald at various times, and that Mary Fitzgerald is, in fact,
largely indebted to the estate of John Fitzgerald and was
at the time of filing said claim; that the appointment of
Phillips as administrator was brought about by Mary Fitz-
gerald solely for the purpose of procuring satisfaction for
her false and fraudulent claim; that no steps were taken
by Phillips or his attorneys to contest the claim, but on the
contrary they consented to the allowance of said claim;
that there is a secret agreement between said Mary Fitz-
gerald and said Phillips, whereby Mary Fitzgerald is to
subject the Cook county property to the payment of this
false and fraudulent claim, and that after the property has
been purchased by her, she is to pay the claim of the First
National Bank of Naperville; that said Phillips in his peti-
tion for letters of administration swore he was a creditor of

said estate, but complainants say he is not a creditor and that the estate of John Fitzgerald is not indebted to said Phillips in any sum whatever; that the two years for filing claims have elapsed and Phillips has filed no claim; that the Cook county real estate is the only property of any description in the State of Illinois belonging to the estate of John Fitzgerald, and that it would be useless for complainants to file their claims in the Probate Court of Cook County as the period of two years for filing claims expired on the 17th of February, 1898, long before complainant knew of the fraudulent acts of Mary Fitzgerald; that Phillips never filed a claim against the estate of John Fitzgerald in the County Court at Lincoln, and that the allegation in the petition of Phillips that he was a creditor is untrue, and was made for the purpose of assisting Mary Fitzgerald and the First National Bank of Naperville to convert the Cook county property to their own use and to the exclusion of the claims of complainants; that complainants and other creditors are intending to institute proceedings in the courts of Nebraska to set aside the order of the County Court of Lancaster County allowing the claim of Mary Fitzgerald as being a fraud upon the creditors of said estate, and that such proceedings would have been instituted long ago if the creditors had known the facts; that on the very day the claim of Mary Fitzgerald was allowed by the Probate Court of Cook County, Phillips, as administrator, filed a petition to sell the real estate to pay the debts, there being no personal property; that said petition was filed at the request of Mary Fitzgerald, and in pursuance of her fraudulent design to convert the property to her own use; that on the 17th of February, 1897, a decree was entered authorizing the administrator to advertise and sell said property; that there is an understanding between Mary Fitzgerald and Phillips and the First National Bank of Naperville, that Mary Fitzgerald is to bid in the property in satisfaction of her false and fraudulent claim for over $24,000, take the title to said property free and absolutely, and hold the same secretly for the benefit

of herself, Phillips and said bank; that as soon as the two years for filing claims against said estate, in Cook county, Illinois, had expired, Phillips, at the instigation of Mary Fitzgerald, advertised the real estate for sale under his decree entered in February, 1897; that Phillips and Mary Fitzgerald knew there were other creditors of the estate who were equally entitled to share with them in the proceeds of this Cook county property, but they secreted the same from such creditors, including the complainants, and did not advertise the same until after the time for filing claims had expired; that the real estate is to be sold at public auction; that Mary Fitzgerald is contemplating bidding in said property in satisfaction of her said false and fraudulent claim, and that as soon as she obtains the title to the property she will at once convey it to an innocent third party, and so place said property out of the reach of the creditors of John Fitzgerald, including complainants; that complainants have had no opportunity to contest any of the various orders which have been entered in said estate, and are not bound by them; that Mary Fitzgerald is a resident of Lincoln, Nebraska, and as administratrix of the estate of John Fitzgerald in that State, she occupied a position of trust and sustained a fiduciary relation to complainants; that .she alone had knowledge of the property located in Cook county, Illinois, and that as such trustee it was entirely inequitable, unjust and fraudulent and unlawful to conceal said property from complainants, and while holding such position of trust come into the courts of Illinois and endeavor to convert the property here to the payment of her false and fraudulent claim as administratrix *de bonis non*, with will annexed, of the estate of Cagney; that the claim of the First National Bank of Naperville was filed in the County Court of Lancaster County, Nebraska, and allowed, and that said bank has submitted to the jurisdiction of that court, as well as complainants, and that the County Court of Lancaster County, Nebraska, is the proper court in which should be administered the proceeds of the sale of the property in Illinois; that

unless the property here is subjected to the payment of the claims of creditors, but little, if anything, will be paid to the general creditors, including complainants.

The bill then makes the appellee, Thos. P. Phillips, administrator of the estate of John Fitzgerald, in the State of Illinois, Mary Fitzgerald, individually, as administratrix of the estate of John Fitzgerald in Nebraska, and as administratrix *de bonis non*, with will annexed, of the estate of Edward P. Cagney, deceased, First National Bank of Naperville, and the children of Mary and John Fitzgerald, some of them being minors, parties defendant, and prays that they answer the bill and that Phillips be restrained from making a sale of the Cook county real estate or turning over to Mary Fitzgerald the proceeds of the sale of said real estate or paying the claim of the First National Bank of Naperville; that the order of the Probate Court granting letters to Phillips be revoked and the entire administration of the estate set aside and held for naught; that all proceedings in the Probate Court be declared void; that the real estate be declared to belong to the estate of John Fitzgerald for the benefit of *bona fide* creditors; that a receiver be appointed to take charge of the estate and administer the same under the direction of the court, and for general equitable relief, etc.


Alden, Latham & Young, attorneys for appellants.

A court of chancery in extraordinary cases will take upon itself the administration of an estate and in fact supersede the Probate Court. Horner's Probate Prac., 2d Ed., Ch. 23, Sec. 428; Wood v. Johnson, 13 Ill. App. 548; Garvin v. Stewart, 59 Ill. 229; Heustis v. Johnson, 84 Ill. 61.


H. H. Goodrich and M. Slusser, attorneys for appellees.

A court of chancery will not take upon itself the administration of an estate and supersede the Probate Court except in extraordinary cases. Blanchard v. Williamson, 70 Ill. 647; Winslow v. Leland, 128 Ill. 341; Elting v. The First National Bank, 173 Ill. 368; Freeland v. Dazey, 25 Ill. 294; Goodman v. Kopperl, 169 Ill. 136.

The allowance of the appellants' claim in the courts of Nebraska and judgments rendered thereon in favor of the appellants against the estate of John Fitzgerald can not be regarded as judgments here; they are not even evidence of indebtedness against the administrator here and hence form no basis for the bill filed in this cause in the court below. McGarvey v. Darnall, 32 Ill. App. 226; 134 Ill. 367; Rosenthal v. Remick, 44 Ill. 202; Smith v. Smith, 174 Ill. 52.

Mr. Presiding Justice Shepard delivered the opinion of the court.

Appellees' demurrer, general and special, was sustained to the amended bill, and the same was dismissed for want of equity. The second special ground of demurrer was that the court of chancery was without jurisdiction, the Probate Court of Cook County having full jurisdiction to afford complainants (appellants) all the relief to which they are or may be entitled in a court of equity.

Appellants, at the conclusion of their statement of facts, specifically state the question involved by the appeal, as follows:

" Can a court of equity, upon the application of simple contract creditors of an estate, take control of the administration of the estate and supersede the Probate Court, and also restrain a sale about to be made by the administrator of the property of the estate, which sale was brought about by a third party by collusion and fraud with the administrator, the complainants being non-residents of the State of Illinois, who had no notice of the fraud of the administrator and such third party, and who have not filed their claims against the estate in the Probate Court, the two years limitation for filing claims having elapsed before the fraud was discovered ? "

Appellants admit that it is only in extraordinary cases that a court of chancery will take upon itself the administration of the estate of a deceased person and supersede the Probate Court, but they contend that the allegations of their amended bill bring their case within the exception to the general rule that is conceded by them.

In order that the allegations upon which appellants

depend may appear, we have preceded this opinion by a somewhat abbreviated synopsis of them, as presented in appellants' brief.

It will be observed that by express averment the appellants have never exhibited their or either of their claims to the Probate Court of Cook County. It is true it is alleged in excuse thereof, that the two years from the issuance of letters of administration to Phillips, within which the claim might have been exhibited, had already run, and that the only property situated within Illinois that belonged to the estate was the real estate that had been inventoried, and that under such circumstances it would be a useless proceeding to exhibit the claims and have them allowed. Conceding such to be the predicament that appellants are in, does the bill by any of its allegations of fraud, or otherwise, make a case for the ousting of the jurisdiction of the Probate Court and enabling the appellants to get at the Illinois real estate through the intervention of a court of general chancery jurisdiction? To reach that real estate and subject it to the payment of appellants' claims against the estate is the real object of the bill.

It does not seem to us that the allegations of fraud practiced in the conduct of the estate under the Nebraska administration have anything to do with the real case as presented by the bill, unless it may be in some respects which we will mention later. Then are there any sufficient allegations of fraud with reference to the Illinois administration to constitute the case an exception to the general rule that a court of general equity jurisdiction will not supplant and supersede the Probate Court?

It is alleged that Phillips misrepresented to the Probate Court that he was a creditor of the estate, and so fraudulently procured himself to be appointed administrator. That is a matter that the Probate Court has full authority to deal with, if it has been imposed upon in that respect. Besides, it is explicitly alleged in the bill that Phillips is "connected in some manner with the First National Bank of Naperville, which said bank was a creditor of said estate

of John Fitzgerald, deceased." And it is also alleged that
the said bank filed and obtained an allowance of a claim in
an amount exceeding $5,000 against the estate. We do not
understand our statute as prohibiting the appointment as
administrator of any competent person, in default of others
having a preferred right to the appointment, and particu-
larly so when the person appointed appears to be interested,
personally or in a representative capacity, as a creditor.

But it is insisted that the appointment of Phillips was
procured by the fraudulent collusion with him of Mrs. Fitz-
gerald—she acting in such respect while she was occupying
a fiduciary relation to the appellants, as administratrix of
John Fitzgerald's estate in Nebraska.

Mrs. Fitzgerald was not only administratrix of John Fitz-
gerald's estate in Nebraska, but she was also administra-
trix with the will annexed of Cagney, deceased, in Nebraska,
and in her latter capacity had been awarded a large claim
against Fitzgerald's estate in Nebraska. True, allegations
are made against the validity of that claim, but we do not
see, from any allegations of the bill, why the court of proper
jurisdiction that allowed the claim in Nebraska is not the
proper forum in which to obtain corrections in regard to it.
Clearly, however, the allowance against the Nebraska
administrator was not conclusive against the Illinois ad-
ministrator. Smith v. Smith, 174 Ill. 52, and the cases
there cited.

Her claim was therefore open to contest when it came to
be filed against Fitzgerald's estate in the Probate Court of
Cook County, and the fact that it was allowed, without
objection by Phillips, the administrator, as of a particular
class, does not prevent the Probate Court of Cook County
from a re-examination of it at any time before distribution
and adjusting it according to its real merits.

The fact that Phillips, acting for himself or as a repre-
sentative of the First National Bank of Naperville, a con-
ceded creditor, proceeded, in order to make the claim of
that bank through administration proceedings in this State,
whereby real property situated in this State might be

reached and applied to Fitzgerald's debts, was no more than a rightful act.

And we are not aware of any rule that would require that in so doing any notice except such as is required by the statute, and as the public records of the Probate Court affords, needed to be given to creditors in other States. If Mrs. Fitzgerald, as administratrix of Fitzgerald's estate in Nebraska, was required by the statutes of that State to inventory there real estate known to her to exist in Illinois, and she was remiss in her duty in that respect, the courts of that State are presumably competent to deal with her.

But it would not seem that her dereliction in such matter should be esteemed a sufficient cause to supersede the lawfully acquired jurisdiction of the Probate Court of this State over such omitted real estate, by a court of general chancery jurisdiction.

So far as our Probate Court is concerned, Mrs. Fitzgerald's position is that of a creditor, and not as administratrix of her husband's estate. She is entitled to have all her rights as a creditor, notwithstanding she has been derelict elsewhere as an administratrix.

We do not say that she shall reap as an individual, fruits that she has ripened in her representative capacity. That is quite a different proposition than the one before us. The question before us is, in the aspect we are called upon to look at it, one of jurisdiction only. And upon that question we are clear that no case is made by the bill for superseding the Probate Court, and giving to a general chancery court the administration of the estate. The Probate Court of this county was the proper tribunal for creditors to go into to subject the real estate located here to their debts, and no sufficient cause is shown by the bill for the ousting of that court from the jurisdiction it has entered upon.

The doctrine announced in Elting v. First National Bank, 173 Ill. 368, Goodman v. Kopperl, 169 Ill. 136, Shepard v. Speer, 140 Ill. 238, Winslow v. Leland, 128 Ill. 304, and a large number of earlier adjudications referred to in those cases, confirm us in our conclusion.

Although there are other considerations than those expressed why the decree of the Superior Court should be affirmed, we do not think we should prolong our opinion.

The order is that the decree be affirmed.