**Caroline Moore et al., Appellants, v. Catherine Brandenburg, Appellee.**

### Gen. No. 5159.

1. ADMINISTRATION OF ESTATES—*object of.* The object of administration is to pay the debts of the deceased and distribute the remaining personal estate among the heirs according to the statute of descent.

2. ADMINISTRATION OF ESTATES—*jurisdiction of chancery.* While fraud is one of the original heads of original equity jurisdiction, the administration of estates is not within the jurisdiction of courts

of chancery except in extraordinary cases and then only in aid of the Probate Court where administration has been taken out and the powers of the Probate Court are inadequate to give full and complete relief.

3. ADMINISTRATION OF ESTATES—*when chancery will take jurisdiction.* A court of chancery, when the question of jurisdiction is raised, will only take jurisdiction when the Probate Court has first attempted to administer the estate in the regular course of procedure and for some extraordinary reason the powers of the Probate Court are inadequate to administer full and complete justice. Where such a condition arises, then a court of chancery will assume jurisdiction, supersede the Probate Court and take charge of the entire administration; where there has been no attempt to administer an estate in the Probate Court, chancery will not take jurisdiction.

4. · DESCENT—*how statute upon, construed.* The statute upon descent is to be construed in connection with the Administration Act.

Bill in chancery. Appeal from the Circuit Court of La Salle county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the April term, 1909. Affirmed. Opinion filed March 11, 1910.

**Statement by the Court.** This is a bill in chancery filed by Caroline Moore, Frank. Brandenburg, George Brandenburg and Mary Jones, against Catherine Brandenburg, Christian Brandenburg, Ruby Brandenburg and Raymond Brandenburg. The bill was amended and as amended alleges that Peter Brandenburg departed this life intestate at Serena, in La Salle county, on August 16, 1907, leaving surviving him Catherine Brandenburg, his widow, and Christian Brandenburg, a son, who are made defendants and the complainants, Caroline Moore, Frank Brandenburg, George Brandenburg and Mary Moore, his children and only heirs at law; that no administration or settlement of the estate of Peter Brandenburg has been had and no administration taken out on his estate; that the deceased left no debts and his funeral expenses have been paid in full by the parties to this suit and there is no property or effects belonging to his estate other than is mentioned in the bill; that Peter Brandenburg at the time of his death and for a

long time prior thereto was not of sound mind and memory but was old and infirm in body and mind, childish, in his dotage and ill; that he was totally incapable of transacting any business whatever or appreciating or understanding any business dealing or transaction or the nature or effect thereof or of making any disposition of his property or effects or of protecting himself or his interests; that he was under the influence of, and wholly at the mercy of those about him and that the defendants well knew his physical and mental condition at and during the time of all the actions, dealings and transactions between the defendants and Peter Brandenburg complained of; that while in said mental and physical condition Peter Brandenburg made certain pretended gifts, transfers and assignments to the defendants of his property and effects, of great value, that is to say, to Catherine Brandenburg, money, property, goods and effects to the value of $20,000; to Christian Brandenburg, goods, property, money and effects to the value of $10,000 and to Ruby Brandenburg and Raymond Brandenburg, to each money, goods and effects of the value of $2,000; that all said pretended gifts, transfers and assignments were made wholly without consideration at the request and solicitation of said defendants, particularly the defendants, Catherine Brandenburg and Christian Brandenburg, with knowledge on the part of the defendants of the mental and physical condition of deceased. The bill alleges that defendants, Catherine Brandenburg and Christian Brandenburg, for a long period of time prior to the death of Peter Brandenburg took charge and assumed exclusive control of the property and business interests of Peter Brandenburg and retained charge of such interests to the time of his death; that the defendants, Catherine Brandenburg and Christian Brandenburg, taking advantage of the mental and physical condition of Peter Brandenburg and of the trust and confidence arising from and growing out of the possession by them and the handling and control of his property, persuaded

and procured Peter Brandenburg to execute to defendants said. gifts and transfers, and fraudulently represented to him the nature and effect of said gifts and transfers, and that Peter Brandenburg relying upon said representations and upon the confidence and trust reposed in said defendants growing out of their relations with him, and their possession and management of his property, was induced .to make such pretended gifts without at the time knowing or understanding the nature or effect thereof or the kind or amount of property so transferred.

The bill further alleges that Catherine Brandenburg and Christian Brandenburg used and exercised undue acts and fraudulent practices and resorted to falsehood and misrepresentation to induce Peter Brandenburg to make said gifts and assignments and that he was under improper restraint and undue influence; that said defendants falsely represented to and deceived Peter Brandenburg as to the feelings of complainants for him and falsely represented that complainants were unfriendly to him and prevented complainants from seeing him except in the presence of defendants.    The bill alleges that the defendants, . Catherine Brandenburg and Christian Brandenburg, received, collected and drew from the bank large sums of money, the property of Peter Brandenburg, and have retained the same and refuse to account for or surrender the same.    The bill also makes Ruby Brandenburg and Raymond Brandenburg, who it is alleged are minors, defendants with Catherine Brandenburg and Christian Brandenburg, and prays that said pretended gifts and transfers to said defendants may be annulled and set aside, and for an accounting and that the rights and interests of the parties may be ascertained and for general relief.    A guardian *ad litem* was appointed for the minors.    Catherine Brandenburg and Christian Brandenburg demurred to the bill. The court sustained the demurrer and complainants abiding by their bill, the court dismissed the bill for want of equity.

Caroline Moore and Mary Jones appeal.

C. A. DARNELL and L. B. OLMSTEAD, for appellants.

BUTTERS & ARMSTRONG, for appellees.

MR. JUSTICE THOMPSON delivered the opinion of the court.

The only question presented for consideration is, does the bill state a case over which a court of chancery will take jurisdiction? The demurrer is general and special, the special ground of demurrer being that the complainants have a complete and adequate remedy at law.

The contention of appellees is that the remedy of complainants is to procure letters of administration on the estate of Peter Brandenburg, and that the proceeding against the defendants, whatever the nature of it might be, should be prosecuted by the administrator; and that under the facts stated in the bill the complainants who are some of the heirs, cannot maintain a suit in chancery against the remaining heirs and other parties. The granting of letters of administration with any proceedings that might be had in the Probate Court is not a remedy at law in the ordinary sense in which that term is used. In England originally the king by his ministers took charge of personal estates; afterwards the trust was committed to the ordinary, an officer of the ecclesiastical courts, and until 1859, the ecclesiastical courts had jurisdiction of personal estates. In the United States the right of administrating upon estates is regulated by statute and such proceedings are entirely statutory. The statutes of Illinois provide (section 18 of chapter 3): "Administration of the estates of all persons dying intestate shall be granted to some one or more of the persons hereinafter mentioned," etc. The wording of this statute has been substantially the same from the earliest legislation in the state. In 1905, a proviso

was added, that when the heirs are residents of the state and the estate is solvent and without minor heirs and it is desired by the parties in interest to settle the estate without administration, this statute shall not apply. Hurd's Statutes 1905, sec. 18, chapter 3.

The statute of descent (Hurd's Statutes, chap. 39) provides that "estates, both real and personal, of resident and non-resident proprietors in this state dying intestate * * * shall descend to and be distributed in the manner following, to-wit: First. To his or her children, in equal parts * * * Fourth. When there is a widow * * * and also a child or children * * * the widow or surviving husband shall receive, as his or her absolute estate, one-third of all the personal estate of the intestate." This statute must be construed with the chapter on administration. The object of administration is to pay the debts of the deceased and distribute the remaining personal estate amongst the heirs according to the statute of descent.

The bill alleges that the deceased died intestate; that no administration has been taken out; that there is no property or effects belonging to the estate other than is mentioned in the bill; that there are no debts and the funeral expenses have been paid. The bill however does not allege that the heirs are residents of Illinois or that there are no minor heirs, except as such may be inferred from the various allegations, and it is obvious the heirs cannot settle the estate by agreement and without litigation. While cases may be found in this state where suits by certain heirs have been maintained against other heirs or even against other parties to procure a distribution of the estate of deceased persons, they have usually been concerning the estates of infants and are found in the earlier reports. Lynch v. Rotan, 39 Ill. 14; McCleary v. Menke, 109 Ill. 294. "While in some of the earliest cases in this state it is held that equity retains a general jurisdiction over administrators, concurrent with

that exercised by probate courts, yet the rule as now declared is, that courts of equity will not exercise jurisdiction over the administration of estates except in extraordinary cases, and by the liberal statutory rules for the settlement of estates, based on equitable principles and enforced in courts of probate, the reasons for equitable jurisdiction in such cases are greatly restricted. Probate courts are established for the settlements of such estates, and questions arising in the course of administration are decided by them to the practical exclusion of courts of equity.'' Goodman v. Kopperl, 169 Ill. 136. The cases in which chancery has taken jurisdiction in the matter of estates are ordinarily in aid of administration and to assist creditors after administration has been taken out. In recent years legislation has extended the equitable powers of probate courts so that there is not now the reason that formerly existed for courts of chancery taking jurisdiction over estates. While fraud is one of the original heads of original equity jurisdiction, the administration of estates is not within the jurisdiction of courts of chancery except in extraordinary cases and then only in aid of the Probate Court where administration has been taken out and the powers of the Probate Court are inadequate to give full and complete relief.

Sections 81 and 82 of the Administration Act give ample powers to the Probate Court to cite parties before it and examine them concerning any concealed or embezzled goods, chattels, moneys or effects or any evidence of debts, or to cite any person who has knowledge or information concerning any indebtedness belonging to any deceased person, and to make such order in the premises as the case may require. The courts have held that in proceeding under this section the Probate Court exercises equitable powers and procedure. Martin v. Martin, 170 Ill. 19; Dougherty v. Hughes, 165 Ill. 395; Seavey v. Seavey, 30 Ill. App. 625.

Two of the defendants, Ruby and Raymond Brandenburg, are minors and are not heirs of the deceased, Peter Brandenburg. It also appears from the allegations of the bill that one of the defendants is the widow of Peter Brandenburg. Under the statute she is entitled to a widow's award. A court of chancery has no power or authority to appoint appraisers to set-off such an award. If the estate of Peter Brandenburg "were administrated by a court of chancery, as here proposed, the method of distribution would be different from that presented by the law." Goodman v. Kopperl, *supra*. A court of equity, when it does assume jurisdiction over the administration of an estate, takes jurisdiction over the whole estate and no other court would interfere in a matter already within the control of a court of general jurisdiction. The Probate Court if this suit is maintainable will be deprived of all right to take any action in the matter of the estate. "It is also well settled that a court of chancery will not, except in extraordinary cases, supersede the Probate Court in the administration of an estate. To maintain the present bill would be to deprive the Probate Court of all further power and jurisdiction over the estate." Strauss v. Phillips, 189 Ill. 27; Shepard v. Speer, 140 Ill. 238; Harding v. Shepard, 107 Ill. 264.

We conclude that a court of chancery will, when the question of jurisdiction is raised, only take jurisdiction when the Probate Court has first attempted to administer the estate in the regular course of procedure and for some extraordinary reason the powers of the Probate Court are inadequate to administer full and complete justice. When such a condition arises, then a court of chancery will assume jurisdiction, supersede the Probate Court, and take charge of the entire administration. There having been no attempt to administer this estate in the Probate Court the demurrer was properly sustained.

*Affirmed.*