PHILLIP LITCHTENSTADT

v.

JAMES J. ROSE.

98    648
199    ¹651

*Filed at Ottawa May 14, 1881.*

1. PRACTICE—*errors not assigned in Appellate Court.* Errors not assigned in the Appellate Court, or not fairly embraced in the errors assigned in that court, can not be considered in this court on appeal from or writ of error to the Appellate Court.

2. ASSIGNMENT OF ERRORS. The statement in an assignment of error, that "whereas, by the law of the land, no decree for relief whatever, or any judgment, ought to have been given against the said C D in favor of the said A B," is but the conclusion expected to follow error assigned. It fails to call the attention of the court to any other specific error in the record.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. WILLIAM H. BARNUM, Judge, presiding.

Mr. JOHN LYLE KING, for the appellant.

Messrs. J. I. & F. I. BENNETT, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The bill in this case was to foreclose a trust deed, made on the 11th day of March, 1874, by James M. Murphy to W. H. Phare, as trustee, to secure two notes of the same date, made by Murphy, each for the sum of $1100, payable to the order of Henry S. Dietrich, or order, respectively, in one and two years after date, with interest at the rate of eight per cent per annum. The notes were assigned to complainant before maturity. Afterwards there were several conveyances of the property embraced in the trust deed, by the maker of that deed and his subsequent grantees, and it is alleged in the bill that each successive grantee, as a part of the consideration of the conveyance to him, by the acceptance of the

deed containing a covenant to that effect, assumed to pay the holder thereof the indebtedness secured by the trust deed to be foreclosed.  All subsequent grantees of the premises described in the trust deed, as well as the original grantor, were made parties to the bill to foreclose, and were regularly served with process.  The bill contained a prayer that in case of a sale of the mortgaged premises, if enough should not be realized to discharge the indebtedness secured and costs attending the foreclosure and sale, complainant might have a decree over against defendant for any deficiency, as from their respective interests they should appear to be liable. On the 29th of September, 1879, an order taking the original and amended bills as confessed against defendant Litchtenstadt, and other defendants named, was entered, and the cause referred to a master to take proofs, who reported the amount then due upon the notes, and that he found that James M. Murphy had conveyed the premises to Eliza Amitage, and that Eliza Amitage, her husband joining with her in the execution of the deed, conveyed the premises to defendant Phillip Litchtenstadt, and found that he had assumed and agreed, as a part of the consideration of such conveyance, and by the acceptance of such deed became liable, to pay said two notes of $1100, and the interest thereon, to complainant.  The master also found that other conveyances of the property, and parts of it, had been made.  After the decree of foreclosure, a sale of the premises was made by the master, and upon his report that a deficiency existed, a final decree was entered, declaring Litchtenstadt and other defendants severally liable, and thereupon judgment was entered against him and them, severally, for the amount of such deficiency, with an order for an execution.  It appears the original bill was lost from the files of the court, but at what date it disappeared, whether before or after the default of defendant was entered, there is no proof.  On leave given by the court for that purpose, a bill sworn to be the same as

the original was substituted. The decree of the circuit court was affirmed, on appeal, in the Appellate Court.

The errors assigned in this court relate to and impugn the decree of the circuit court and the judgment of affirmance in the Appellate Court in two respects:

*First*—The order *pro confesso,* entered while the bill was lost, and afterwards allowing the substitute bill to be filed without notice and on insufficient proof, was erroneous.

*Second*—On the case as made by complainant—on the whole record—there is material variance between the *allegata* and *probata.*

No other questions are raised or discussed by counsel, and it may be understood that all other questions that might arise on the assignment of errors are waived. On looking into the record sent up from the Appellate Court, it will be seen neither question raised and discussed in this court was assigned for error in that court, nor are they or either of them fairly embraced in the error assigned in that court.

The only error assigned in the Appellate Court is, that in the final decree and judgment against Litchtenstadt in the circuit court, there was manifest error in this: "That the said final decree of said court, by the record aforesaid, appears to have been given as in the nature of a judgment against Phillip Litchtenstadt, severally, whereas, by the law of the land, no decree for relief whatever, or any judgment, ought to have been given against the said Phillip Litchtenstadt in favor of said James J. Rose, but the decree or judgment of said court should have been in favor of the said Phillip Litchtenstadt against the said James J. Rose, and the said bill of complaint dismissed." The conclusion is the general prayer the decree or judgment may be reversed for the "error aforesaid," and for "other errors in said record and proceedings." The statement that "whereas, by the law of the land, no decree for relief whatever, or any judgment, ought to have been given against the said Phillip Litchtenstadt in favor of the said James J. Rose," is but the

conclusion that was expected to follow from the error assigned. It did not and could not call the attention of the Appellate Court to any other specific error in the record.

The errors now insisted upon not having been assigned in the Appellate Court, no notice can be taken of them in this court. The previous decisions of this court are conclusive as to the practice that obtains in such cases. *Thayer* v. *Peck,* 93 Ill. 357; *Diversey* v. *Johnson,* ibid. 547.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*