VICTORIA COVERDALE *et al.*

*v.*

THE ROYAL ARCANUM.

*Opinion filed October 25, 1902—Rehearing denied December 9, 1902.*

1. PRACTICE—*when assignments of error are sufficient.* Assignments of error that the circuit court erred in finding for the plaintiff, in rendering judgment for the plaintiff and in not rendering judgment for the defendant, raise the question whether the evidence justified the findings and judgment of the circuit court, and authorize the Appellate Court to review the questions of fact.

2. SAME—*when proposition of law is unnecessary to preserve question for review.* Where the question whether a benefit society waived a certain by-law is put in issue by the pleadings as a question of fact, no proposition of law is necessary to make the finding upon such question reviewable by the Appellate Court.

3. SAME—*Appellate Court's judgment conclusive of mixed question of law and fact.* What facts constitute a waiver of a provision of a benefit certificate or of a by-law is a question of law, but whether such facts exist in a particular case is a question of fact; and the findings of the Appellate Court upon such questions of fact are conclusive in suits at law.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. CHARLES A. BISHOP, Judge, presiding.

J. HENRY KRAFT, for appellants.

H. H. C. MILLER, and W. S. OPPENHEIM, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellants recovered a judgment in the circuit court of Cook county in an action of assumpsit against appellee upon a benefit certificate for the payment to appellants of $3000 upon the death of William Wasserman. The Appellate Court for the First District reversed the judgment without remanding the cause, and did not make

any finding of facts different from the finding of the circuit court. Upon the appeal of appellants to this court the judgment of the Appellate Court was reversed, and the cause was remanded to that court with directions to enter such judgment reversing and remanding or affirming the judgment of the circuit court as in their judgment might be proper, or reciting in their judgment the facts found by them, if their final determination should result from finding the facts concerning the matter in controversy different from the finding of the circuit court, under the provisions of section 87 of the Practice act. The issues of fact and the questions involved in the case are fully stated in the opinion then filed. (*Coverdale* v. *Royal Arcanum*, 193 Ill. 91.) The cause was re-instated in the Appellate Court, and judgment was again entered reversing the judgment of the circuit court without remanding the cause, and the following finding of facts was recited in the judgment: "The court finds that William Wasserman, deceased, before and at the time of his application for membership in Tilden Council, 1123, Royal Arcanum, was engaged in the business of selling and serving, and served and sold, on the premises occupied by him, in Chicago, in this State, intoxicating liquors to be drunk on the said premises; that said Tilden Council, Royal Arcanum, did not, nor did the Royal Arcanum, know that he was engaged in said business, or that he sold and served intoxicating liquors to be drunk on the premises when sold and served, at the time of his said application, nor thereafter until after his death, and that neither said Tilden Council nor the appellant ever waived, as to said William Wasserman, the following by-law, which is a by-law of appellant: 'Application shall not be received from bar-keepers, or from persons who, at any time, sell or serve intoxicating liquors to be drunk on the premises.'" Appellants again appealed to this court.

It is first contended by appellants that no error was assigned by appellee, on its appeal to the Appellate

Court, which warranted a review by that court of the questions of fact. Those questions were put in issue by the pleadings. The special plea alleged the making of the statement by Wasserman in his application for membership, and that it was false. There was a general denial of the charge by replication, and the waiver claimed was also set up by replications alleging facts which in law would constitute a waiver, and there were rejoinders to the replications alleging such facts. The issues were submitted to the court without a jury, and were found in favor of appellants and judgment was entered on such finding. The errors assigned in the Appellate Court were, that the circuit court erred (1) in making its findings in favor of the appellees in that court; (2) in rendering judgment in favor of said appellees; (3) in overruling appellant's motion for a new trial; (4) in failing to hold each of the propositions of law tendered by appellant; and (5) in not rendering judgment in favor of appellant. Counsel says that these assignments were too general, and not sufficient to charge the circuit court with error in its findings of fact and in rendering judgment thereon. An assignment of error must point out the specific error claimed to have been committed by the court from which the appeal is taken, and a general assignment of error will not raise any question as to specific errors, such as matters of procedure, variance, and the like, which must be specially pointed out. (*Litchtenstadt* v. *Rose*, 98 Ill. 643.) In this case, the first, second and fifth assignments of error directly raised the question whether the evidence justified the findings and judgment of the circuit court and whether the court erred in such findings and judgment. We think they authorized the Appellate Court to review the questions of fact in issue in the case.

It is also urged that the question whether the appellee or its subordinate council waived the by-law was not open for review in the Appellate Court because no proposition of law was submitted to the circuit court on that

question. The finding of the circuit court was upon an issue of fact made by the pleadings, and no proposition of law was necessary to enable that court to determine the issue or the Appellate Court to review the decision.

It is next argued that the finding of the Appellate Court on the questions of fact was not within the provision of the statute because there was no conflict or dispute about such facts, and therefore the finding was not of facts concerning the matter in controversy. The statement contained in Wasserman's application was not true, and the burden of showing the waiver was upon the appellants, who alleged it. The main question was whether the appellee had notice of the fact that Wasserman sold and served intoxicating liquors, and, having such notice, waived its right of forfeiture. Those facts were in controversy, and the facts found by the Appellate Court were concerning such controverted question. What facts will constitute a waiver is a question of law, and whether such facts exist in a particular case is a question of fact. The findings of the Appellate Court on questions of that character are conclusive in this court. (*Moerschbaecher* v. *Royal League*, 188 Ill. 9.) The judgment entered by the Appellate Court upon the facts as found and recited in the judgment of that court was right.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*