Caroline Moore et al., Appellants, v. Catherine Brandenburg et al., Appellees.

Gen. No. 5,667.

1. APPEALS AND ERRORS—*what assignments of error present question whether complainant was entitled to relief.* Assignments of error present the question whether under the allegations and proof complainants were entitled to any relief, where it is alleged that the court erred in dismissing the bill for want of equity, in not entering a decree directing defendants to account, and that the decree is contrary to the law and evidence.

2. CHANCERY—*what decree complainant entitled to on bill to set aside gifts on ground of undue influence and incapacity.* On bill to set aside certain gifts and transfers, made by a decedent, on the ground of undue influence and mental incapacity, though such influence and incapacity are not established, complainants are entitled to a decree determining title to funds in bank at the death of decedent claimed by them as part of his estate and by the widow as her property.

3. GIFTS—*when acts considered those of competent person.* Acts of a decedent in making certain gifts and transfers must be con-

sidered as the acts of a competent person where the evidence shows that he was fully capable of transacting business up to the last five weeks of his life and no act in question occurred during that period.

4. GIFTS—*fiduciary relation.* The mere fact that a decedent made gifts to his wife and son does not tend to prove a fiduciary relation.

5. GIFTS—*bank account.* A valid gift of a bank account is made where a decedent orders such account transferred to his wife's name and she takes a certificate of deposit in her name and withdraws the account several months before decedent's death and an intention by decedent to dispose of his property in his lifetime is shown.

6. EVIDENCE—*presumption as to possession and control of bank book.* It may be presumed that a bank book was in the possession of decedent's wife in his lifetime and remained in her possession and control up to the time of his death, where it appears that decedent deposited money in his wife's name a short time before his death, that both were authorized to make withdrawals, and that the wife made a withdrawal, in decedent's lifetime, in his name written over the printed words on the blank receipt, "Owner of Bank Book."

7. GIFTS—*when gift of bank book fully executed.* A gift of a bank account to the donor's wife is fully executed if the bank book was in the possession of the wife in the donor's lifetime and remained in her possession and control up to his death and if the transaction was intended as a gift.

8. DECREE—*legal effect of, dismissing for want of equity and for want of jurisdiction.* Where a decree dismisses the bill for want of jurisdiction and for want of equity, such decree in legal effect dismisses for want of equity and it is immaterial whether the trial court by the use of the words "want of jurisdiction" intended that there were matters involved that it had no jurisdiction to consider.

Appeal from the Circuit Court of La Salle County; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed March 12, 1913. *Certiorari* denied by Supreme Court (making opinion final).

C. A. DARNELL and L. B. OLMSTEAD, for appellants.

BUTTERS & ARMSTRONG, for appellees.

MR. JUSTICE CARNES delivered the opinion of the court.

This case was here on a former appeal and reported

in 154 Ill. App. 156, and in the Supreme Court on a
writ of certiorari reported in 248 Ill. 232. We refer
to the reported cases for a statement of the facts and
issues there presented. It was there held that the bill
presented a case for the exercise of equitable jurisdic-
tion; it is quite fully set out and a statement of its con-
tents may be here omitted.

The case was reinstated in the trial court. The
adult defendants answered denying all allegations of
undue influence and incapacity of Peter Brandenburg,
and denying that they took charge of the property of
deceased except the sum of about $4,000, which they
allege was withdrawn from the bank by the widow
after his death and divided among herself and the five
heirs, in which action all concurred. A guardian *ad
litem* had before filed formal answer for the two minor
defendants, and on issues so formed the cause was re-
ferred to the master in chancery to take and report
proofs. The trial court, on proofs so reported, entered
a decree finding the equities with the defendants and
that the complainants had wholly failed to prove all
and singular of the allegations of their said bill of
complaint and that the court is without jurisdiction
in said matter and dismissed the bill ''for want of
jurisdiction and for want of equity.'' Complainants
appeal to this court assigning as error that the court
erred in dismissing the amended bill for want of juris-
diction and of equity; in not entering a decree direct-
ing appellees to account, and that the decree is con-
trary to the law and the evidence, with other general
assignments of same import. It is urged by appel-
lees' counsel that these assignments of error are not
sufficient to question here the finding in the decree, that
complainants failed to prove the allegations of their
bill. We are of the opinion that they present to this
court the question whether under the allegations and
the proof the complainants were entitled to any relief.
Coverdale v. Royal Arcanum, 199 Ill. 649; Mullin v.
Johnson, 98 Ill. App. 621, and cases there cited.

It is also contended by appellee's counsel that the allegations of the bill of unsound mind of deceased and undue influence exercised by the adult defendants are jurisdictional, and on failure to establish those allegations by proof the court had no jurisdiction to inquire into the other charges in the bill, that Catherine Brandenburg and Christian Brandenburg drew from banks money of Peter Brandenburg and of his estate and retained the same. The opinion of the Supreme Court in this case clearly holds the reverse. Complainants have a right in this proceeding to a decree determining the title to funds in bank at the death of Peter Brandenburg, claimed by them as a part of his estate and by the widow as her own property.

It appears from the evidence that Peter Brandenburg at the time of his death was past eighty years old; that he had been in infirm health for about fifteen years, but was only confined to his home, in what may be called his last sicknes, five or six weeks. Several years before his death he had divided all his real estate consisting of several hundred acres of farm land among his widow and children. The value of such real estate does not fully appear, but no question is made as to such distribution. He had considerable personal property but the record does not disclose how much, or attempt to show in any detail in what it was invested or how managed or controlled. At the time of his death there was about $4,000 deposited in banks that was drawn out on the joint receipt of the widow and heirs, and after paying funeral charges and small debts, divided among them in accordance with their rights as distributees under the statute. No complaint is made of this action. There is no evidence in the record showing any word or act of Peter Brandenburg before his last sickness of five or six weeks indicating mental unsoundness or disability; there is nothing in the record of his last illness showing incapacity to transact business, except his physical weakness during

that time; there is little in the evidence introduced by either party showing acts or conversations of deceased during any period of his life. A number of witnesses, acquainted with deceased, testified to opinions as to his ability to transact ordinary business up to the last days of his life; much the larger number stated that he was competent. The record clearly shows that up to the last five or six weeks of his life deceased was fully capable of transacting business. No act of his here in question occurred during the later weeks of his life, therefore they must be considered as the acts of a competent man. Neither is there any evidence that the defendants, Catherine Brandenburg and Christian Brandenburg had charge of the estate of deceased in his lifetime or in any way influenced him in its management or distribution. It is contended by complainants that a fiduciary relation existed and therefore gifts being admitted or proven, the burden is on the beneficiary to show the fairness of the transaction but no fiduciary relation is shown. The mere fact that Catherine Brandenburg was his wife and Christian Brandenburg was his son, does not prove or tend to prove such relation. Bishop v. Hilliard, 227 Ill. 382. The main contention arises over deposits in the Farmer's State Bank of Somonauk, Ill., and the Ottawa Banking and Trust Company. In the former bank there were deposits of $1,000 December 21, 1900, and $2,000 March 31, 1902, made by Peter Brandenburg, evidenced by certificates of deposit, on which interest was indorsed paid to September 5, 1906. November 3, 1906, Catherine Brandenburg presented and surrendered these certificates to the bank with a letter as follows, "Dear Sirs,—It is my wish that you put all the money I have in your bank into my wife's name, I am not able to come. Peter Brandenburg." She took a certificate of deposit in her own name for the amount, which was paid her November 23, 1906, about nine months before her husband's death. The records of the Ottawa Banking and Trust Company show that

on March 1, 1907, there was opened in that bank a savings account in the name of Mrs. Peter Brandenburg and a signature card made by officers of the bank, showing that both she and Peter Brandenburg were authorized to draw against the account. The deposit slip of that date shows that Peter Brandenburg deposited to that account $2,000. The records further show that on June 1, 1907, there was withdrawn from that account $15 and receipt therefor signed "Peter Brandenburg owner of said bank book—Mrs. Brandenburg." This signature, except the words "owner of said bank book" which were printed, is proven to be in the handwriting of Mrs. Brandenburg. The bank records of that account show only these transactions in the lifetime of Peter Brandenburg. After his death Mrs. Brandenburg made other deposits to the same account and at different time withdrew sums therefrom, giving receipts signed "Katherine Brandenburg owner of said bank book," and on June 6, 1908, she withdrew the balance of the account. Appellants' counsel insist that under these facts the fund in each of these banks was, and remained the property of Peter Brandenburg and his estate; that there is no evidence of a gift of either fund to Mrs. Brandenburg and whatever Peter Brandenburg's intention may have been, there was no delivery sufficient to constitute a change of ownership, and they cite Telford v. Patton, 144 Ill. 611, and numerous other cases, holding that a gift of a deposit in a bank to be valid must be accompanied by a delivery of the certificate, bank book or other evidence of the account and that the deposit of funds in the name of another without such delivery in the absence of proof of the intent of the depositor, does not create a gift to such other of the sum deposited. The court said in Telford v. Patton, *supra:* "In most cases where a deposit of this character is made as a gift, there are contemporaneous facts or subsequent declarations by which the intention can be established, independently of the form of the deposit. We are in-

clined to think that, to confer a gift from the form of
the deposit alone would, in a great majority of cases,
and especially where deposit was of any considerable
amount, impute an intention which never existed, and
defeat the real purpose of the depositor." In this case
there is proof of contemporaneous facts and subse-
quent declarations aiding to establish the intention.
Deceased had for many years before his death intended
the distribution of his property in his lifetime among
other members of his family. In 1896 and 1900 he
conveyed his lands to his wife and children severally,
deeding his wife one hundred acres out of about eight
hundred acres then disposed of; she joined in those
conveyances. It appears from the testimony of John
B. Marshall, who frequently transacted business for
deceased, that in June, 1907, he assisted deceased in
assigning certain notes and mortgages to his wife, and
that deceased was at that time endeavoring to arrange
his property so that the boys could not make his wife
trouble, and from the testimony of Jacob O. Warner
that he saw deceased in July, 1907, and was told by
him that he left everything to his wife, except what
he gave to his children. This intention on the part of
deceased to dispose of his property in his lifetime is
important in construing his acts in relation to the two
bank accounts. There is little room for question in the
matter of the $3,000 deposited in the name of deceased
in the Farmer's State Bank of Somonauk. This
money was by his order transferred from his account
to his wife's account November 3, 1906, and drawn out
by her November 23, 1906, eight or nine months before
her husband's death. There is no evidence in the rec-
ord concerning this transaction except this mere fact
of the transfer of the property and withdrawal by Mrs.
Brandenburg. Evidence of handling money or trans-
fer of money from one party to another does not, un-
explained, create any inference of indebtedness on the
part of transferee. It may be her own; it may be the
payment of a debt; it may be a fund transferred for

convenience, and the law is well settled that such proof creates no inference that the money in the hands of the receiver is the money of the giver. 27 Cyc. 829. We may infer in this case that the transfer was intended as a gift, and as part of the plan of deceased to dispose of his property in his lifetime, or that he was indebted to her in that amount; or that she was using money for some purpose of his and did so use it.

We cannot infer from that evidence that at the time of Peter Brandenburg's death this fund, that had passed into his wife's possession several months before, was a part of his estate.

In the Ottawa Banking and Trust Company matter the evidence shows a deposit by deceased in the name of his wife March 1, 1907; that he as well as his wife, was authorized to make withdrawals from the account; that his wife did make one withdrawal in his lifetime in his name, written by her over the printed words on the blank receipt, "Owner of Bank Book." After his death, she collected this fund as her own and withdrew it from the bank. There is no evidence as to this particular transaction except the record of the bank. A copy of that record was introduced in evidence, produced by the cashier of the bank. He testified that he knew nothing about the transaction, except what he learned from those records. Defendants' counsel objected to the record as evidence, waiving any objection to the use of a copy instead of the record itself. If the record was competent evidence, we may infer from it that Mrs. Brandenburg had possession and control of the bank book. The $15 withdrawn in the lifetime of deceased in his name appears to have been withdrawn by her, and we may presume that she had possession of the bank book and presented it to the bank at the time of such withdrawal. The record also shows that withdrawals were made by her after the death of her husband and receipted in her name, written over the same words "Owner of Bank Book" printed on the withdrawal slip. It has been held that a deed pro-

duced by a grantee after the grantor's death is presumed to have been delivered in the grantor's lifetime (Lines v. Willey, 253 Ill. 440) and that presumption prevails though the parties to the instrument were, in the lifetime of the grantor, members of the same family. Schroeder v. Smith, 249 Ill. 575; Inman v. Swearingen, 198 Ill. 437. Under the evidence we may presume the bank book was in the possession of Mrs. Brandenburg in the lifetime of deceased; and that it remained in her possession and under her control up to the time of his death. If this be so, and the transaction intended as a gift, nothing further remained to be done to execute it. Or, it may be that the deposit was in payment of a debt, or for any one of the several other purposes for which moneys in the common course of business are transferred from one person to another.

It appears that Mrs. Brandenburg was the second wife of deceased. They had been married about twenty years before his death. It is claimed by appellants' counsel that she had no property at the time of her marriage and had about $40,000 after the death of her husband. This may be true. It is very likely that she derived this property from her husband. It may have been more than she would have received under the law if her husband had not distributed his estate in his lifetime, and had died intestate. He may have distributed his property quite unequally among his wife and children, with or without good reason therefor. It is sufficient that the record shows he was competent to do business and there is no evidence of undue influence exercised upon him and he had the undoubted right as against the complainants, his children, to make such distribution of his property as he saw fit. The trial court properly entered a decree dismissing the bill for want of equity. That is the legal effect of the decree and it is not material whether the trial court by the use of the words "want of jurisdiction" coupled with the words "want of equity" in the

decree intended that there were some matters involved that it had not jurisdiction to consider. We have examined the evidence bearing on every question presented by the pleadings and conclude there is no evidence entitling complainants to any relief. We find no reversible error in the record. The decree is therefore affirmed.

*Affirmed.*