## In re Estate of Hortense S. Teeple, Deceased. Lovina L. Dunlap, Administratrix, Appellant, v. John H. Savage, Appellee.

### Gen. No. 6,131.

1. EVIDENCE, § 461*—*what weight given to testimony of judge as to nonjudicial acts.* Directions and advice given by a probate judge to the parties to a controversy not before him while acting as a court, and in which he makes no orders of record embodying such directions, are only material as an incidental part of the evidence in a case involving the subject-matter of the controversy in regard to which such directions and advice were given.

2. EXECUTORS AND ADMINISTRATORS, § 147*—*when administrator not in legal possession of securities.* A person about to be appointed public administrator of the estate of an intestate who consents to receive manual possession of securities formerly belonging to his intestate, under an agreement to return the same on demand to one claiming title by reason of a gift from intestate in her lifetime, is not in legal possession of such securities as such administrator although he retains such possession after being appointed such.

3. EVIDENCE, § 35*—*when title presumed from possession of personalty.* Possession of personal property is prima facie evidence of title thereto.

4. WORDS AND PHRASES—*personal property.* The term "personal property" applies to notes and money as well as to goods and chattels.

5. DEEDS, § 176*—*when presumption of delivery of deed in lifetime of grantor.* A deed produced by a grantee after the death of the grantor is presumed to have been delivered in the lifetime of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

such grantor although the parties thereto were members of the grantor's family during his lifetime.

6. EVIDENCE, § 479*—*how possession of title in possessor of personal property may be overcome.* The presumption of title in the possessor of personal property may be and often is overcome by evidence explaining such possession.

7. EXECUTORS AND ADMINISTRATORS, § 100*—*when administrator under no obligation to begin action to determine title to securities.* Where securities are in the possession of one claiming title thereto under an alleged gift by an intestate in her lifetime, and where the presumption of title in such possessor arising from the fact of possession is supported by direct evidence, other than that of the claimant, that such claimant has such title, no duty rests on the administrator of such intestate to begin an action to determine the question of title to such securities.

8. EXECUTORS AND ADMINISTRATORS, § 559*—*how right to compensation determined.* The fact that an administrator, pending his appointment as such, was appointed administrator to collect, is not material in determining his right to compensation, where his only acts in either capacity were to collect a small amount of assets belonging to intestate, and to litigate the validity of his appointment.

9. APPEAL AND ERROR, § 1200*—*what questions not considered on appeal from order approving administrator's report.* On appeal from an order approving an administrator's report, the fact that such administrator did not file an inventory of such estate within the time required by law is not material in determining his right to compensation, where the objections heard on review are not based on that ground, and where it does not appear that the estate suffered any loss by reason of such failure.

10. APPEAL AND ERROR, § 1488*—*when admission of immaterial testimony in trial by court not ground for review.* On appeal from an order entered in an action tried by the court, an appellant cannot complain that immaterial testimony was heard by the court in the absence of prejudicial error.

11. EXECUTORS AND ADMINISTRATORS, § 559*—*when administrator cannot recover compensation.* Where the assets of an estate have been exhausted in paying the expenses of litigation instituted by those interested therein, an administrator cannot recover compensation for his services, although his efforts to perform his duty are honest and intelligent, and although he has been subjected to much annoyance and trouble from such litigation.

Appeal from the Circuit Court of Will county; the Hon. ARTHUR W. DESELM, Judge, presiding. Heard in this court at the April

*See *Illinois Notes Digest,* Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

term, 1915. Affirmed. Opinion filed October 20, 1915. *Certiorari* denied by Supreme Court (making opinion final).

Herman Welk, for appellant; Frederic C. Ellis and Jesse Wilcox, of counsel.

John H. Savage, for appellee.

Mr. Justice Carnes delivered the opinion of the court.

Hortense S. Teeple died intestate March 23, 1909. The appellee, John H. Savage, then public administrator, was on April 1, 1909, on application of creditors, appointed administrator of her estate by the Probate Court of Will county, and qualified as such, and so acted until July, 1911, when his appointment was revoked and under the direction of this court and appellant, Lovina L. Dunlap, an heir, was appointed administratrix of the estate. The facts concerning and the reasons for the revocation of appellant's letters are found in our opinion in *Savage v. Luther*, 165 Ill. App. 1. Nothing impeaching his integrity or reflecting on his management of the estate was found in the case then before us.

During the period of his administration, litigation about his appointment was constantly pending. He got possession of assets of the estate upon which he realized $100 only, and he paid out in court costs and other expenses $124.05, the largest item, $72.35, being the costs of appeal here, which he was ordered by this court to pay in due course of administration. He made no charge for attorney's fees or commissions. Upon his removal he turned over to his successor the assets in his hands, and made a report asking that he be allowed $24.05, the sum that he had expended in excess of what he had received from the estate. Objections were filed to this report and heard and overruled in the Probate Court and in the Circuit Court on appeal, and this appeal is from the order of the Circuit Court approving said report.

Deceased in her lifetime was the owner of three securities mentioned in the arguments as the Evanston bond, $100, Lynch note, $500 and Ochs note, $400, each drawn or indorsed so as to be payable to bearer. Appellant in his statement of his reasons for reversal here says that those securities came to the sight, knowledge and possession of Savage, as such administrator, and that he is chargeable therewith. This is the only question of importance raised here. Three items of expenses aggregating $26.70 are objected to, but we are of the opinion that they were properly allowed. The facts concerning the three securities are that Mrs. Teeple died at the residence of a friend. Immediately after her death these securities were exhibited to some of the people in the house by Mrs. Isabel Reece, who then had them in her possession. A day or two after the funeral Mrs. Reece took them to the office of Morris Sprague, a lawyer in Joliet, who was acquainted with the deceased and her friends. Mrs. Reece claimed that deceased in her lifetime had given her the securities, and left them with the attorney, taking his written receipt and promise to deliver them to her on demand. He took them to the probate judge, told him of the transaction, and asked what he had better do with them. The judge had appointed, or was about to appoint, appellee administrator, and advised Mr. Sprague to leave them with appellee as a custodian the same as he, Sprague held them, to be delivered to Mrs. Reece on demand. The judge testified on the trial of this case that he so advised the disposition of the papers because he understood Mrs. Reece was liable to be out of his jurisdiction more or less in the future, and he wanted the papers where they could be obtained in case of litigation before him as to their ownership. Appellant says evidence of this interview with the judge, and what he said and thought, is improper and immaterial, which is probably true. But Sprague took the papers to appellee, told him of the

facts concerning his, Sprague's possession of them above stated, including his conversation with the judge, and appellee took the papers and put them in his vault, consenting to act as custodian under those conditions. About four months after this transaction Mrs. Reece went to Sprague's office, tendered the receipt, and demanded the possession of the papers. They both went to appellee's office and asked him for them. He hesitated as to his duty in the matter, and all three of them went to the courthouse and stated the matter to the probate judge. He directed appellee to return the papers to Sprague, which he did, and Sprague immediately handed them to Mrs. Reece. On neither of these occasions was the judge acting as a court. There was no order entered of record in reference to either of the transactions. Therefore, the advice and direction of the judge is only material here as an incidental part of the story of what was done with these papers, and why it was done.

Nothing further was done by any one interested in the estate in relation to these three securities until after appellant's appointment as administratrix, when she filed in the Probate Court a petition for a citation against Mrs. Reece and others, to compel them to disclose concealed assets of the estate. Mrs. Reece was then in Chicago and was not served with process, but she voluntarily appeared before the Probate Court and testified that these securities were given her in the lifetime of deceased in the presence of witnesses, and produced in court the witnesses to the transaction in the presence of appellant and her attorney, who was conducting the trial. Appellant then moved to dismiss the citation proceeding without prejudice, which motion was denied, but on appeal to the Circuit Court, granted. Mrs. Reece had the two notes in her possession and so stated at the hearing in the citation proceeding in the Probate Court. While it is true that appellee had these securities in his manual possession,

he did not receive or hold them in his capacity as administrator of the estate, and had no more right to retain them against Mrs. Reece's demand than he would have if they had been placed in his vault, and therefore within his reach, by some third person occupying the vault with him. The question is whether he should be charged with negligence in not beginning some proper proceeding to test the ownership of the securities. He had only $100 of the estate that he could use in paying expenses. He was kept in constant litigation over his right to administer, which it was his duty to defend, and in which he was successful in the lower courts. Mrs. Reece had possession of these securities after the death of Mrs. Teeple either by herself, or by Sprague, or appellee, as her custodians. That possession was prima facie evidence that she owned them. This proposition of law is denied by appellant, but is elementary and has been repeatedly recognized in this State. *Roberts v. Haskell,* 20 Ill. 59, is among the earlier cases. It was said in *Brownell v. Dixon,* 37 Ill. 197: "The possession of personal property is prima facie evidence of ownership, and the term 'personal property' applies as well to notes and money as to goods and chattels." See also, *Henderson v. Davisson,* 157 Ill. 379. A deed which was produced by a grantee after the grantor's death is presumed to have been delivered in the grantor's lifetime. *Lines v. Willey,* 253 Ill. 440. And that presumption prevails though the parties to the instrument were, in the lifetime of the grantor, members of the same family. *Schroeder v. Smith,* 249 Ill. 575; *Inman v. Swearingen,* 198 Ill. 437. See also, *O'Connor v. Messenger,* 183 Ill. App. 1. This presumption may be, and often is, rebutted and overcome by proof otherwise explaining the fact of possession. But it seems to have developed in this transaction on the trial in the citation proceeding that there was competent direct evidence, other than that of the donee of the securities, in support of

the presumption that her possession meant ownership. No duty rested on appellee to begin proceedings to settle title to these securities under the circumstances. Woerner's American Law of Administration (2nd Ed.), vol. 2, paragraph 678.

It also appears in this record that appellee, pending his administration before discussed, was appointed by the Probate Court administrator to collect; but that is of no consequence here, because his only acts in question in either capacity are as above set forth. It also appears that he did not file an inventory of the estate within the time required by law, but the objections to his report here reviewed are not based on that ground, and there is no reason to suppose that the estate suffered from that failure. The record discloses immaterial testimony heard by the court, as is usual in the trial of cases without a jury. No error in that respect was committed of which appellant can complain. The controlling facts were established without much contradiction by competent evidence. It seems to us from an inspection of the entire record that appellee performed a duty not of his own seeking in a proper manner; that for years he has been subjected to much labor, annoyance and trouble for which he has not received, and cannot receive, any compensation, and that the only injustice disclosed is, that under the condition of this estate and the law applicable to the administration of estates, appellee could not ask and the court could not give him any compensation for his time and trouble expended in an honest, intelligent effort to perform his duty. The judgment is affirmed.

*Affirmed.*